**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

UNITED STATES OF AMERICA        :
       :
       v.                 :      CRIMINAL NO. 20-cr-00326
       :
       :
OMAR ORENGO-PACHECO, ET. AL.,        :

---

**GALLAGHER, J.**                                            **July 8, 2026**

**MEMORANDUM OPINION**

## I.      INTRODUCTION

After executing a written guilty plea agreement in 2022, Omar Orengo-Pacheco ("Defendant") entered, and the Court accepted, a guilty plea to the charged offenses. The Court subsequently sentenced Defendant to 186 months' imprisonment. He has been in continuous custody since his arrest in 2020 and is currently housed at the Federal Correctional Institution in Coleman, Florida ("FCI Coleman"). Before the Court is Defendant's Motion for Compassionate Release Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) ("Def.'s Mot.") (ECF No. 126). For the reasons set forth below, Defendant's Motion is **DENIED**.

## II.      FACTUAL BACKGROUND

Between November 2019 and March 2020, Defendant and several co-conspirators operated a drug trafficking organization that distributed various dangerous drugs in Reading, Pennsylvania. *See* Government's Response in Opposition to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Gvt.'s Resp.") (ECF No. 134) at 1. On March 29, 2020, Defendant was found in possession of 86 grams of fentanyl and 30 bags of cocaine. *Id.* at 1–2.

Shortly before his arrest, Defendant visited a storage locker in which DEA agents and local police found large quantities of illicit drugs, drug packaging material, and $12,000 in cash. *Id.* at 2. In a subsequent search of Defendant's home, authorities recovered a loaded semi-automatic handgun, additional quantities of illicit narcotics, and $9,000 in cash. *Id.* Prior to this incident, Defendant had a criminal history, including drug crimes, spanning 20 years. *Id.* at 1.

On August 19, 2022, Defendant pled guilty to: (1) conspiracy to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); (2) two counts of distributing 40 grams or more of a fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); (3) possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); (4) possession with intent to distribute fentanyl, cocaine, heroin, and 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C); (5) possession with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (C); (6) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (7) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See* Gvt.'s Resp. (ECF No. 134) at 2–3. The Government and Defendant executed a guilty plea agreement in which Defendant pled guilty to all counts. *Id.*

On January 26, 2023, the late Honorable Edward G. Smith accepted Defendant's guilty plea and sentenced Defendant to a term of 186 months imprisonment. *Id*. at 3. Defendant has a minimum release date of July 15, 2033. *Id.* At the time the Government and Defendant submitted their briefing related to the Motion for Compassionate Release, Defendant had served approximately 5 years and 10 months (70 months) and had earned roughly 9 months of good-time credit, for a total of about 79 months toward his sentence. *Id.*

In April 2025, Defendant served the Warden of FCI Coleman with a request for compassionate release. Def.'s Mot. (ECF No. 126) ¶ 4. The Warden denied the request on July 22, 2025. *See* Def.'s Mot., Ex. B (ECF No. 126). Defendant filed the present Motion for Compassionate Release on December 8, 2025. *See generally* Def.'s Mot. (ECF No. 126).

In Defendant's Motion, he requests that the Court convert the remainder of his term of imprisonment to supervised release with home confinement. *Id.* at 1 (ECF No. 126). First, Defendant argues that his medical conditions constitute "extraordinary and compelling" reasons warranting a reduced sentence.[1] *See id.* (ECF No. 126) at 5. Specifically, he contends that the Bureau of Prisons ("BOP") is "displaying negligent indifference by not providing [Defendant] the treatment recommended for his condition by clinical specialists." *Id.* Second, Defendant argues that his pre-existing substance use disorder ("SUD") is an "extraordinary and compelling" factor that should mitigate his sentence. *See id.* (ECF No. 126) at 7–8.[2] Finally, Defendant argues that "the nature of confinement itself during the [COVID-19] pandemic presented extraordinary and compelling reasons for release or reduced sentence." *Id.* (ECF No. 126) at 9. The Court addresses each of Defendant's arguments below.

---

[1] Defendant submits medical records indicating that he was admitted to Reading Hospital on June 15, 2017, after sustaining a gunshot wound to the head. *See generally* Def.'s Mot., Ex. A (ECF No. 126). He asserts that, following treatment for that injury, he continues to experience "left-side weakness, seizures, decreased concentration, dysphoric mood, vertigo and headaches." Def.'s Mot. (ECF No. 126) at 5. Defendant further states that he is unable "abduct his left arm," requires a cane to walk and a sling for his arm, and suffers from ongoing fluid accumulation at his temple and in his brain cavity, conditions he claims produce severe symptoms that he has reported to medical staff "to no avail." *Id*. (ECF No. 126) at 6.

[2] Defendant alleges that his SUD "fueled his criminal activities." Def.'s Mot. (ECF No. 126) at 7.

3

### III.    LEGAL STANDARD

Courts generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), unless an exception exists under § 3582(c)(1)(A). Before addressing the merits of Defendant's Motion, Defendant must demonstrate that he has exhausted all administrative remedies or that thirty days have lapsed since submitting a request to the warden. § 3582(c)(1)(A).

Where that threshold is satisfied, a court may reduce a defendant's sentence if, "after considering the factors set forth in [§] 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). The statute imposes a two-step analysis: (1) whether the defendant has presented "extraordinary and compelling reasons" that warrant a reduction; and (2) whether the § 3553(a) sentencing factors support the requested reduction. *See United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021).

The term "extraordinary" is defined as "[b]eyond what is usual, customary, regular, or common," and a "compelling need" is one so significant that irreparable harm or injustice would result if it were not met. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *Extraordinary*, Black's Law Dictionary (11th ed. 2019)). The policy statement in 18 U.S.S.G. § 1B1.13(b)(1)–(4) identifies extraordinary and compelling reasons, including medical condition, age, family circumstances, and victimization by abuse. Further, § 1B1.13(b)(5) recognizes other circumstances, alone or in combination, that are similar in gravity to the enumerated extraordinary and compelling reasons. Although § 1B1.13 is not binding after the First Step Act, courts continue to treat it as "helpful guidance" when applying 18 U.S.C. § 3582(c)(1)(A)(i). *See Rodriguez*, 451 F. Supp. 3d at 397.

4

If the Court identifies extraordinary and compelling reasons, it must then consider whether release is appropriate in light of the sentencing purposes set forth in § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a)(1)-(2). Courts may deny compassionate release even where extraordinary and compelling reasons exist if the § 3553(a) factors weigh against a reduction. *See United States v. Davis*, Crim. No. 97-359, 2025 U.S. Dist. LEXIS 4807, at *5-6 (E.D. Pa. Jan. 10, 2025). Courts retain broad discretion in evaluating these factors and may deny release where they determine that continued incarceration remains necessary to serve the interests of justice, public safety, and deterrence. *See United States v. Adeyemi*, 470 F. Supp. 3d 489, 497 (E.D. Pa. 2020) (emphasizing that even where extraordinary and compelling reasons exist, courts must still apply § 3553(a) factors, including the danger posed by release).

IV.    ANALYSIS

A.  Defendant's Medical Conditions

Defendant's primary argument for compassionate release is that his medical conditions constitute "extraordinary and compelling" reasons warranting a reduced sentence. Def.'s Mot. (ECF No. 126) at 5. Moreover, Defendant contends that the BOP has failed to provide adequate and necessary treatment for his medical conditions. *Id.* (ECF No. 126).

In support of his primary argument, Defendant relies on his radiology results from Reading Hospital. *See generally* Def.'s Mot., Ex. A (ECF No. 126). While Defendant's radiology results substantiate Defendant's injury, they do not document an ongoing need for surgical care. *See generally id.* (ECF No. 126). Defendant alleges that fluid continues to build up "at his temple and into the brain cavity." Def.'s Mot. (ECF No. 126) at 6. However, Defendant's own radiology results indicate that, after a CT scan on April 8, 2019, the "[p]reviously noted fluid collections [were] largely resolved [and the] [d]rainage catheter [was] removed." Def.'s Mot., Ex. A (ECF No. 126) at 39. Courts in this district have held that chronic conditions managed within a facility do not provide a sufficient basis for compassionate release. *See United States v. Pigford*, No. CR 20-414, 2023 WL 2285825, at *3 (E.D. Pa. Feb. 28, 2023); *see also United States v. Fager*, No. CR 16-293, 2025 WL 2325662, at *3 (E.D. Pa. Aug. 12, 2025). Accordingly, Defendant's physical manifestations of his prior injury do not surpass the high bar set by the "extraordinary and compelling" standard. *See supra* n. 1.

Defendant further asserts that the BOP has failed to provide him with the necessary medical care, and that he therefore qualifies for a reduced sentence under § 1B1.13(b)(1)(C). However, the record reflects that Defendant declined both a CT scan and a neurology consultation after reporting

6

seizures. *See* Gvt.'s Resp., Ex. A (ECF No. 134) at 11. Defendant's refusal of treatment rebuts his bald claim that the BOP failed to provide adequate medical care.

### B.        Defendant's Pre-Existing Substance Use Disorder

Defendant also argues that his pre-existing SUD should mitigate his culpability. Def.'s Resp. (ECF No. 126) at 7–8. To support this argument, Defendant contends that he was under the influence during the offense, and that his SUD "affected his thinking and behavior." *Id*. (ECF No. 126) at 7. The Government responds that Defendant's SUD was accounted for when the Court imposed Defendant's sentence, and that SUD is not an enumerated basis for consideration under § 1B1.13.

Defendant's SUD is a mitigating consideration, and the downward variance imposed at Defendant's sentencing reflects the Court's prior assessment of that issue. *See* Gvt.'s Resp. (ECF No. 134) at 3. However, the Court agrees with the Government that a pre-existing SUD does not satisfy the "extraordinary and compelling" standard required for compassionate release, nor does § 1B1.13 recognize SUD as an independent basis for a reduced sentence.

### C.  The COVID-19 Pandemic

Defendant next argues that the conditions of confinement during and since the COVID-19 pandemic constitute "extraordinary and compelling" reasons for release or a reduced sentence. Def.'s Mot. (ECF No. 126) at 9. The Government relies on *United States v. Wilson* to establish that hardships common to federal prisoners are not "extraordinary and compelling" reasons for release. No. CR 14-209-1, 2024 WL 4793713, at *6 (E.D. Pa. Nov. 14, 2024); Gvt.'s Resp. at 14. Moreover, the Government contends that the pandemic has ended, and Defendant's pandemic-related concern is immaterial. *Id.*

Courts in this circuit have consistently held that pandemic-related confinement conditions do not meet the "extraordinary and compelling" standard. *See e.g., United States v. Robinson*, No. 22-2324, 2022 WL 11005332, at *1 (3d Cir. Oct. 19, 2022) (affirming denial where defendant's generalized COVID-19 concerns were insufficient to constitute extraordinary and compelling reasons); *United States v. Brunson*, No. CR 10-379, 2022 WL 3756198, at *5 (E.D. Pa. Aug. 30, 2022) (stating that generalized concerns are insufficient and do not warrant an extraordinary and compelling reason for release); *United States v. Gupton*, No. CR 20-436, 2022 WL 3448233, at *2 (E.D. Pa. Aug. 16, 2022) (holding that harsh pandemic conditions experienced by all inmates do not constitute extraordinary and compelling circumstances). Moreover, the Court was aware of the pandemic at the time of sentencing, and Defendant was likewise aware of it at the time of his criminal conduct. For these reasons, the Court is unpersuaded by Defendant's pandemic-related arguments in support of compassionate release.

## V.    CONCLUSION

The Court concludes that Defendant has not demonstrated "extraordinary and compelling" circumstances warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court also considers the need for adequate deterrence and punishment, the seriousness of Defendant's conduct, and the need to protect the public, all of which independently weigh against compassionate release. Accordingly, Defendant's Motion for Compassionate Release (ECF No. 126) is **DENIED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge